IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

BASLER SACHVERSICHERUNGS AS a/s/o FENWAL
INTERNATIONAL INC.; and HDI GLOBAL SE a/s/o JF
HILLEBRAND USA, INC. and a/s/o SEMBRA
TRADING GROUP SRL    Case No.: 20CV24436

*Plaintiffs,*

against

ANTILLEAN MARINE SHIPPING CORP. *in personam*
and *M/V BELEN* (ex-*HABIB EXPRESS*), her engines,
boilers, etc., *in rem*

*Defendants.*
_____/

## VERIFIED COMPLAINT

COMES NOW BASLER SACHVERSICHERUNGS a/s/o FENWAL INTERNATIONAL, INC. and HDI GLOBAL SE a/s/o HILLEBRAND and a/s/o SEMBRA TRADING GROUP SRL (collectively the "Plaintiffs"), by and through their undersigned attorneys, as and for their Complaint against the *M/V BELEN* (ex-*HABIB EXPRESS*) and ANTILLEAN MARINE SHIPPING CORP., allege as follows:

1. This is an admiralty and maritime claim within the meaning of Fed.R.Civ.P. 9(h) in connection with certain containerized shipments of cargoes by ocean carriage. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1333 and personal jurisdiction over defendant Antillean Marine Shipping Corp. pursuant to the terms and conditions of its bill of lading, which provide that all actions against it shall be brought in this District.

2. At and during all times relevant hereto, Plaintiffs were and now are corporations duly organized and existing under and by virtue of foreign law with principal offices and places of business as stated in Schedule A, and having interest in connection with certain bills of lading as stated in Schedule A, hereto annexed and by this reference made a part hereof.

3. At all times hereinafter mentioned, Plaintiffs BASLER SACHVERSICHERUNGS AG and HDI GLOBAL SE were the insurers of various shipments of cargo laden in good order and condition carried aboard the *M/V HABIB EXPRESS* ("the Vessel") and in order to obtain release of the cargoes that they insured, were required to (a) post security and (b) pay salvage in order to retrieve the cargoes insured by them on the subject voyage.

4. Plaintiffs BASLER SACHVERSICHERUNGS AG and HDI GLOBAL SE, as insurers of the aforesaid cargoes, who, prior to the occurrence hereinafter mentioned, had policies of insurance covering said cargoes in shipment and by virtue of payments made, are subrogated to the rights of their insureds, make claim not only on their own behalf but as agents for the account of the insured cargo owners, and/or on behalf of and for the benefit of others who may ultimately prove to be interested in said shipments as their respective interests may ultimately appear.

5. At all times hereinafter mentioned, Plaintiffs FENWAL INTERNATIONAL, INC., JF HILLEBRAND, INC. and SEMBRA TRADING GROUP, SRL were the owners and / or consignees of various shipments of cargo laden in good order and condition carried aboard the *M/V HABIB EXPRESS* as stated in Schedule A.

6. At all material times, defendant, ANTILLEAN MARINE SHIPPING CORP. (hereinafter "Antillean" or "Defendant") was and is a duly organized corporation with an office and place of business located at 3038 NW North River Drive, Miami, Florida 33142, and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier

of goods for hire, was the carrier of the plaintiff's cargo and was the operator of the *M/V HABIB EXPRESS*.

7. At and during all relevant times hereto, the *M/V HABIB EXPRESS*, now named *M/V BELEN*, was and now is a 1999 bult Moldova flagged containership, IMO No. 9196230, that was employed in the common carriage of merchandise by water for hire, and now is, or will be during the pendency of this action, within this District and the jurisdiction of this Honorable Court.

## **RELEVANT FACTS**

8. On or about the dates and the ports of shipment stated in Schedule A, there were shipped by the shippers and delivered to the Defendant and the said Vessel, as common carriers, the shipments described in Schedule A, then being in good order and condition, and defendant and the said Vessel then and there accepted said shipments so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipments to the port of destination stated in Schedule A, and deliver the same in like good order and condition as when shipped, delivered to and received by them, to the port of destination.

9. Antillean nominated the defendant vessel, *M/V HABIB EXPRESS*, to perform the transit.

10. At all relevant times, Antillean was the commercial operator of the *M/V HABIB EXPRESS* and, as such, was responsible for maintaining her in a seaworthy condition.

11. On September 12, 2019, during the ocean transit from Miami to Rio Haina, the defendant vessel ran aground on Isla Alto Velo.

12. As a result of the grounding, the Vessel and its cargo were subjected to liens of a salvor, T&T Salvage, who rendered service to said Vessel on the basis of the Lloyd's Open Form of Salvage Agreement ("LOF") dated September 29, 2019.

13. Subsequent discharge and delivery of the Cargo was conditioned on the posting of Security with the Salvor by Plaintiffs.

14. In an agreement dated November 19, 2019 Plaintiff Basler Sachversicherungs AG signed the guarantee, thus permitting the release of the Fenwal cargo.

15. In an agreement dated December 10, 2019, Plaintiff HDI Global SE signed the guarantee, thus permitting the release of the Hillebrand/Sebra Trading Group cargo.

16. In a further agreement dated February 11, 2020 and finalized on August 18, 2020, T&T Salvage and the respective cargo owners herein entered into a Settlement Agreement wherein it was agreed that the salvors would accept 50% of the value of the cargo in exchange for a release of the lien. Therefore, the Plaintiffs herein paid the amount of $106,433.69 in full and final settlement of T&T Salvage's lien.

17. The salvage costs were incurred due solely to the negligence of Defendant Antillean and the unseaworthiness of the defendant vessel *M/V BELEN* (ex-*HABIB EXPRESS*).

18. The Plaintiffs have complied with all conditions precedent to the bringing of this action.

## **FIRST CAUSE OF ACTION – INDEMNITY**

19. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 18, inclusive, as if herein set forth at length.

20. On or about September 6, 2019 at the ports of shipment stated in Schedule A, there was delivered to the Vessel in good order and condition and suitable in every respect for the intended transportation the shipments described in Schedule A, which the Vessel and Defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in the Schedule, and the referenced bills of lading.

21. By reason of the foregoing premises, the Vessel was unseaworthy and Defendant breached, failed and violated its duties as a common carrier by water for hire and/or bailee and was negligent and otherwise at fault.

22. As a result of the aforementioned grounding of the Vessel, Plaintiffs have been damaged in that they have had to pay an award to Salvors in order to obtain possession of their cargoes and have incurred expenses in defending against salvage claims, as to all of which Plaintiffs claim indemnity, including attorneys' fees and costs.

23. That Plaintiffs have been compelled to pay a salvage award to salvor and have incurred and were compelled to pay additional expenses and costs due to the negligence of the defendant, and therefore, Plaintiffs are entitled to indemnity on such payments from the defendant.

24. The aforesaid grounding resulting in damages sustained by Plaintiffs was not caused or contributed to by any fault, negligence or want of care on the part of Plaintiffs or their agents, but rather, was caused solely as a result of the fault, negligence and lack of due diligence to make the Vessel seaworthy on the part of defendant, its agents and servants, and those in charge of that Vessel.

25. Plaintiffs have a maritime lien against the vessel for the damages they sustained due to the grounding, which was the result of the unseaworthiness of the vessel.

26. Plaintiffs have performed all duties and obligations on their part to be performed.

27. By reason of the premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid by Defendants, in the sum of at least $106,433.69.

## **SECOND CAUSE OF ACTION – UNSEAWORTHINESS/NEGLIGENCE**

28. Plaintiffs repeat, reiterate and reallege each and every allegation set forth in paragraphs 1 through 18, inclusive, as if herein set forth at length.

29. On or about September 6, 2019, at the ports of shipment stated in Schedule A, there was delivered to the Vessel in good order and condition and suitable in every respect for the intended transportation the shipments described in Schedule A, which the Vessel and Defendants received, accepted and agreed to transport for certain consideration to the port of destination stated in the Schedule, and the referenced bills of lading.

30. By reason of the foregoing premises, the Vessel was unseaworthy and the defendant breached, failed and violated its duties as common carrier by water for hire and or bailee and was negligent and otherwise at fault.

31. Due to the Defendant's failure to properly and safely determine whether the Vessel was seaworthy, and for such other and further reasons as may be developed in discovery, the Plaintiffs suffered damage as a result of the grounding of the Vessel.

32. As a result of the aforementioned grounding of the Vessel, Plaintiffs have been damaged in that they have had to pay an award to Salvors in order to obtain possession of their cargoes and have incurred expenses in defending against salvage claims, as to all of which Plaintiffs claim indemnity, including attorneys' fees and costs.

33. That Plaintiffs have been compelled to pay a salvage award to salvor and have incurred and were compelled to pay additional expenses and costs due to the negligence by defendant, and therefore, Plaintiffs are entitled to indemnity on such payments from the defendants.

34. The aforesaid grounding resulting in damages sustained by Plaintiffs was not caused or contributed to by any fault, negligence or want of care on the part of Plaintiffs or their agents, but

rather, was caused solely as a result of the fault, negligence and lack of due diligence to make the Vessel seaworthy on the part of defendant, its agents and servants, and those in charge of that Vessel.

35. Plaintiffs have a maritime lien against the vessel for the damages they sustained due to the grounding, which was the result of the unseaworthiness of the vessel.

36. Plaintiffs have performed all duties and obligations on their part to be performed.

37. By reason of the premises, Plaintiffs have sustained damages, as nearly as the same can now be estimated, no part of which has been paid by Defendants, in the sum of at least $106,433.69.

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against defendants ANTILLEAN MARINE SHIPPING CORP., and *M/V BELEN* (ex *HABIB EXPRESS*) in favor of Plaintiffs in the amount of $, together will prejudgment interest, costs and such further and additional relief as this Court may deem just and proper.

Pursuant to Supplemental Admiralty Rule E(3)(b) and Local Admiralty Rule (E(7), Plaintiffs request the Clerk of the Court hold *in rem* process in abeyance pending further request or motion of the Plaintiffs.

Dated: Miami, Florida
October 28, 2020

             TOMASELLI & CO.

          By: s/s John J. Tomaselli
             John J. Tomaselli
             Florida Bar No. 872570
             1500 Cordova Road, Ste 202
             Ft. Lauderdale, FL 33316
             Tel: 954-761-8004
             Email: tcolaw@outlook.com

>Attorneys for Plaintiffs Basler Sachversicherungs AS a/s/o Fenwal International Inc.; and HDI Global SE a/s/o JF Hillebrand USA, Inc. and a/s/o Sembra Trading Group SRL

## **VERIFICATION**

Martin F. Casey, Esq., an attorney at law duly admitted to practice law in the State of New York and counsel to the Plaintiffs, under penalty of perjury, states as follows:

That he has read the foregoing Verified Complaint and knows the contents thereof and that the same are true to his own knowledge, except as to the matters therein stated to be alleged on information and belief and as to those matters, he believes them to be true; that the reason this verification is made by your deponent instead of Plaintiffs is that Plaintiffs are not within the United States.

Deponent further states that the sources of his information and the grounds for his belief as to all matters therein stated to be alleged on information and belief is derived from documents, records, correspondence and memoranda of Plaintiffs concerning the matters set forth in the Verified Complaint in the possession of deponent.

I affirm that the foregoing statements made by me are true under penalty of perjury.

Dated: October 28, 2020

>/s/ Martin F. Casey
>Martin F. Casey, Esq.

## SCHEDULE A

| Cargo Owner | Container | Bill of Lading | Cargo | Loadport | Destination | Cargo Value | Salvage Paid |
|---|---|---|---|---|---|---|---|
| Hillebrand/Sembra | FSCU7661470 | AMLU1020205202 | 1 Pallet – 49 Cases Wine | Miami, Florida | Rio Haina, DR | $8,681.05 | $4,340.53 |
| Fenwal | AMLU4552162 AMLU4554458 AMLU4554740 | AMLU1020205236 | 19 Pallets Raw Materials each container | Miami, Florida | Rio Haina, DR | $204,18613 | $102,093.17 |